# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

| | |
|---|---|
| PAUL DAVID STOREY | POLUNSKY UNIT |
| PETITIONER<br>(Full name of Petitioner) | CURRENT PLACE OF CONFINEMENT |
| vs. | 00999538<br>PRISONER ID NUMBER |
| RICK THALER | 4:11-cv-00433-Y |
| RESPONDENT<br>(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner) | CASE NUMBER<br>(Supplied by the District Court Clerk) |

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the Petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

- ☒ A judgment of conviction or sentence, probation or deferred-adjudication probation.    (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding.    (Answer Questions 1-4, 13-14 & 20-25)
- ☐ A disciplinary proceeding.    (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other: _____    (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**

Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

    Criminal Distrist Court Number Three, Tarrant County, Texas

2. Date of judgment of conviction: September 15, 2008

3. Length of sentence: DEATH

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: 1042204D Capital Murder

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)    ☒ Not Guilty    ☐ Guilty    ☐ Nolo Contendere

6. Kind of trial: (Check one)    ☒ Jury    ☐ Judge Only

7. Did you testify at trial?    ☐ Yes    ☒ No

8. Did you appeal the judgment of conviction?    ☒ Yes    ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? Texas Court of Criminal Appeals    Cause Number (if known): AP-76, 018

   What was the result of your direct appeal (affirmed, modified or reversed)? affirmed

   What was the date of that decision? October 6, 2010

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: N/A

   Result: N/A

   Date of result: N/A    Cause Number (if known): N/A

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: writ denied

   Date of result: April 4, 2011

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.    ☒ Yes    ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: Criminal District Court Number Three, Tarrant County, Texas

    Nature of proceeding: State writ of habeas corpus

    Cause number (if known): C-3-009076-1042204-A   Court of Criminal Appeals WR-75, 828-01

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: May 26, 2010

Grounds raised: SEE ATTACHED CONTIUATION DOCUMENT

Date of final decision: June 15, 2011

What was the decision? relief denied

Name of court that issued the final decision: Texas Court of Criminal Appeals

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

Grounds raised: _____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☒ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

   (b) Give the date and length of the sentence to be served in the future: _____

**GROUNDS RAISED IN STATE WRIT (p.4):** Ineffective assistance of trial counsel; race motivated peremptory jury strikes by state; unconstitutional limitation of defense voir dire of prospective jurors; Texas death penalty statute and procedure are unconstitutional.

(c)  Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?  ☐ Yes  ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?  ☐ Yes  ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?  ☐ Yes  ☐ No

16. Are you eligible for release on mandatory supervision?  ☐ Yes  ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?  ☐ Yes  ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?  ☐ Yes  ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1  Result: _____

        Date of Result: _____

-5-

<u>Step 2</u> Result: _____

    Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.   **GROUND ONE:** SEE ATTACHED CONTINUATION DOCUMENT

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   Petitioner's trial counsel failed to investigate or present crucial mitigating evidence at trial, including Petitioner's Borderline Intellectual Functioning, Petitioners low risk of future dangerousness and that he did not suffer from Anti-Social Personality Disorder, his lack of parental guidance in his early life including growing up with drug use and violence by the adults in his home, and his possible history of Major Depressive Disorder.

B.   **GROUND TWO:** Petitioner's fourteenth amendment rights to equal protection under the law and due process were violated when the state was allowed to use a peremptory strike on an African American Juror based on race.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   Petitioner is African American. The State exercised a peremptory strike on prospective juror number 50 (an African American) when the trial court denied its motion to strike for cause as unfounded. The State's proffered "race neutral" reasons for striking prospective juror number 50 were pretextual.

**A. GROUND ONE (p.6):** Petitioner received ineffective assistance of trial counsel as a result of his legal team's failure to adequately investigate and present mitigating evidence, including evidence of Petitioner's low risk of future dangerousness.

C. **GROUND THREE:** Article 37.071 of the Texas Code of Criminal Procedure (the death penalty sentencing statute) is unconstitutinal as applied to petitioner and on its face.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED CONTINUTATION DOCUMENT

D. **GROUND FOUR:** SEE ATTACHED CONTINUATION DOCUMENT

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Special issue number 3 (mitigation) of the Texas death penalty statutory scheme potentially increases the maximum penalty for capital murder. It is unconstitutional for not requiring the issue to be proved to the jury beyond a reasonable doubt.

21. Relief sought in this petition: A new trial on guilt/innocence. In the alternative, a new trial on punishment. The Texas death penalty statute declared unconstitutional.

**C. SUPPORTING FACTS FOR GROUND THREE (p.7):** The Texas statutory "Penry" special issue is unconstitutional because it fails to place the burden of proof on the State regarding aggravating evidence, because it permits the very type of open-ended discretion condemned by the Supreme Court, it does not permit meaningful appellate review, it permits a jury to impose a death sentence, based upon a finding that a defendant (guilty only as a party) merely anticipated that death might occur, because the statute fails to require that mitigation be considered, and because it fails to define crucial terms and phrases used in the three special issues in ways that would permit the jury to five full mitigating significance to those terms.

**D. GROUND FOUR (p.7):** The Texas death penalty scheme violates Petitioner's rights to due process under the United States Constitution because the punishment special issue relating to mitigation fails to require the state to prove the absence of sufficient mitigating circumstances beyond a reasonable doubt.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☒ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes   ☒ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: Willam Ray, 512 Main St., Suite 308, Fort Worth, TX 76102
   Larry Moore, 4210 W. Vickery Blvd., Fort Worth, TX 76105

   (b) At arraignment and plea: Same as above

   (c) At trial: Same as above

   (d) At sentencing: Same as above

   (e) On appeal: John Stickels, 726 North Fielder Road, Arlington, TX 76012

   (f) In any post-conviction proceeding: Robert Ford (deceased)

(g)   On appeal from any ruling against you in a post-conviction proceeding: Robert Ford (deceased)

**Timeliness of Petition:**

26.   If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, Petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

1407 Texas St Suite 102
Ft Worth TX
Michael Logan Ware

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____6-13-12_____ (month, day, year).

Executed (signed) on __6-13-12_____ (date).

_____
Signature of Petitioner (required)

Petitioner's current address: Paul Storey, TDCJ #999538, Polunsky Unit, 3872 FM 350 South, Livingston, Tx 77351

-10-