U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL - 7 2020

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PAUL DAVID STOREY,                §
                                  §
         Petitioner,              §
                                  §
VS.                               §   NO. 4:11-CV-433-A
                                  §
LORIE DAVIS, Director,            §
Texas Department of Criminal      §
Justice, Correctional             §
Institutions Division,            §
                                  §
         Respondent.              §

ORDER

On July 2, 2020, Paul David Storey, identifying himself as "petitioner," filed a successive application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was assigned to the docket of the Hon. Mark T. Pittman under Case No. 4:20-CV-685-P. On the same date, he filed in this case a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure and a motion to review state court determination of due diligence and remand the cause to the Court of Criminal Appeals to decide any unexhausted federal constitutional claims otherwise precluded from federal review. As a practical matter, the documents all seek the same relief, which is not available from this court.

Before a second or successive application under § 2254 may be filed, the applicant must move in the appropriate court of

appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Further, motions presenting "claims" such as those described here based on "newly discovered evidence" are in substance successive habeas applications and should be treated accordingly. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).[1]

The All Writs Act, 28 U.S.C. § 1651, provides that the court may issue all writs necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law. The Act is a residual source of authority to issue writs that are not otherwise covered by statute. Penn. Bureau of Corr. V. United States Marshals Serv., 474 U.S. 34, 43 (1985). Here, the relief sought can be addressed by § 2254. And, in any event, the request for remand is inappropriate.[2]

The court ORDERS that the motions to review and for relief from judgment be, and are hereby, dismissed for lack of jurisdiction.

SIGNED July 7, 2020.

JOHN McBRYDE
United States District Judge

---

[1] Applicant's argument that his claims are not second or successive is not persuasive. See Judge Pittman's show cause order in Case No. 4:20-CV-685-P.

[2] Federal courts do not sit as super appellate courts over the states; rather, they review only whether a state prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. Coleman v. Thompson, 501 U.S. 722, 730 (1991); Billiot v. Puckett, 135 F.3d 311, 316 n.5 (5th Cir. 1998).

2