U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 22 2020
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PAUL DAVID STOREY, | § | |
| Petitioner, | § | |
| VS. | § | NO. 4:11-CV-433-A |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

ORDER

In 2011, Michal Logan Ware ("Ware") was appointed to represent petitioner, Paul David Storey, pursuant to the provisions of 18 U.S.C. § 3599(a)(2). His appointment included representing petitioner in state clemency proceedings. Harbison v. Bell, 556 U.S. 180, 194 (2009); Battaglia v. Stephens, 824 F.3d 470, 474 (5th Cir. 2016). In January 2017, Keith Hampton ("Hampton") was appointed as co-counsel to represent petitioner. Ware and Hampton sought and obtained funding on behalf of petitioner to investigate and assist in clemency proceedings. Ware and Hampton submitted vouchers for their clemency work, which have been paid. The clemency request was unsuccessful and Ware and Hampton pursued a second state habeas proceeding on behalf of petitioner. They now seek to be paid by the federal judiciary for such work. As the Supreme Court made clear in

Harbison, § 3599 does not apply to the commencement and prosecution of new state court judicial proceedings. 556 U.S. at 189. "State habeas is not a stage 'subsequent' to federal habeas." Id. Moreover, § 3599(a)(2) provides for counsel only when a state petitioner is unable to obtain adequate representation. It does not appear that petitioner made any state court request of Texas for appointment of counsel to pursue a second or subsequent state court habeas proceeding. Accordingly,

The court ORDERS that such requests for payment made by Ware and Hampton for state habeas work be, and are hereby, denied.

SIGNED July 22, 2020.

_____
JOHN McBRYDE
United States District Judge